1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  **BRENDA E. DANIEL,**                    )   **Case No. EDCV 04-01188-MAN**
                                            )
12                    **Plaintiff,**         )
                                            )
13           **v.**                          )   **ORDER RE: MOTION FOR**
                                            )   **ATTORNEY FEES PURSUANT TO**
14  **MICHAEL J. ASTRUE,**[1]                )   **42 U.S.C. § 406(b)**
    **Commissioner of the Social**           )
15  **Security Administration,**             )
                                            )
16                    **Defendant.**         )
                                            )
17

18       On January 16, 2008, counsel for plaintiff filed a Notice of Motion

19  and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), with a

20  supporting memorandum of points and authorities and declaration by

21  plaintiff's counsel, William M. Kuntz, Attorney at Law (collectively,

22  the "Motion").  The Motion requests payment of attorney's fees in the

23  total amount of $18,143.50.  On January 28, 2008, defendant filed a

24  Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to

25  42 U.S.C. § 406(b).  For the reasons stated below, the Motion is

26  GRANTED.

27

28       [1]   Michael J. Astrue became the Commissioner of the Social
    Security Administration on February 12, 2007.  Pursuant to Rule 25(d)(1)
    of the Federal Rules of Civil Procedure, he is substituted in place of
    former Commissioner Jo Anne B. Barnhart as the defendant in this action.

1                          **BACKGROUND**

2

3      Plaintiff's counsel represented plaintiff before the United States

4  District Court pursuant to a contingency fee agreement ("Agreement"),

5  which provides in Paragraph 3 for attorney's fees "equal to 25% of all

6  past due benefits resulting from a the favorable decision on this Social

7  Security and/or SSI Disability claim."  (Motion at 3, Exhibit 1.)  On

8  March 31, 2006, the Court reversed the Commissioner's decision and

9  remanded this case for further administrative proceedings.  (Motion at

10 3.)  On November 14, 2006, the Commissioner issued a decision granting

11 plaintiff's application for benefits.  (Motion at 3, Exhibit 2.)  On

12 March 5, 2007, plaintiff was awarded $100,574.00 in retroactive

13 benefits.  (Motion at 3, Exhibit 3.)  Pursuant to a stipulation of the

14 parties and related Court Order, plaintiff's counsel was awarded the sum

15 of $1,942.00 in attorney's fees pursuant to the Equal Access to Justice

16 Act ("EAJA").  (Motion at 3.)

17

18                        **APPLICABLE LAW**

19

20     Section 406(b) of Title 42 provides:

21

22     Whenever a court renders a judgment favorable to a claimant

23     . . . who was represented before the court by an attorney,

24     the court may determine and allow as part of its judgment a

25     reasonable fee for such representation, not in excess of 25

26     percent of the total of the past-due benefits to which the

27     claimant is entitled . . . .  In case of any such judgment,

28     no other fee may be payable . . . for such representation

                                2

1          except as provided in this paragraph.

2

3   42 U.S.C. § 406(b)(1)(A).[2]

4

5          In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court

6   held that Section 406(b)

7

8          does not displace contingent-fee agreements as the primary

9          means by which fees are set for successfully representing

10         Social Security benefits claimants in court.   Rather, §

11         406(b) calls for court review of such arrangements as an

12         independent check, to assure that they yield reasonable

13         results in particular cases.   Congress has provided one

14         boundary line:   Agreements are unenforceable to the extent

15         that they provide for fees exceeding 25 percent of the

16         past-due benefits. Within this 25 percent boundary . . . the

17         attorney for the successful claimant must show that the fee

18         sought is reasonable for the services rendered.

19

20   Id. at 807 (citations omitted).

21

22         The hours spent by counsel representing the claimant and counsel's

23   "normal hourly billing charge for noncontingent-fee cases" may aid "the

24   court's assessment of the reasonableness of the fee yielded by the fee

25

26          [2]    For    representation    of    a    benefits    claimant at the

27   administrative  level,  an  attorney  may  file  a  fee  petition  or  fee
     agreement.   42  U.S.C.  §  406(a).   In  the  event  of  a  determination

28   favorable  to  the  claimant,  the  Commissioner  "shall . . . fix . . . a
     reasonable fee" for the attorney's services.  42 U.S.C. § 406(a)(1).

1 agreement."  Gisbrecht, 535 U.S. at 808.  The Court appropriately may

2 reduce counsel's recovery

3

4      based on the character of the representation and the results

5      the representative achieved.  If the attorney is responsible

6      for delay, for example, a reduction is in order so that the

7      attorney will not profit from the accumulation of benefits

8      during the pendency of the case in court.  If the benefits

9      are large in comparison to the amount of time counsel spent

10     on the case, a downward adjustment is similarly in order.

11

12 *Id.* (citations omitted).

13

14     Significantly,  since  Gisbrecht,  district  courts  have  been

15 deferential to the terms of contingency contracts in Section 406(b)

16 cases, recognizing that the resulting *de facto* hourly rates typically

17 exceed those for non-contingency fee arrangements.  *See* Ellick v.

18 Barnhart, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying

19 post-Gisbrecht cases  and  finding  decisions  approving  fee  awards

20 involving range of net hourly rates of up to $982 per hour); Hearn v.

21 Barnhart,  262  F.  Supp.  2d  1033,  1037  (N.D.  Cal.  2003)(awarding

22 $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and

23 citing, *inter alia*, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va.

24 2002)(awarding $10,189.50, equivalent to $605 per hour), and Coppett v.

25 Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12,

26 equivalent to $350.49 per hour)); *see also* Mudd v. Barnhart, 418 F.3d

27 424,  427  (4th  Cir.  2005)(affirming  denial  of  motion  challenging

28 $12,231.50 fee award equivalent to 25% of past benefits and hourly rate

1  of $736.84); <u>Blizzard v. Astrue</u>, 496 F. Supp. 2d 320, 324 (S.D.N.Y.

2  2007)(approving $26,798.25 fee award equaling 25% of past benefits and

3  amounting to an hourly rate of $705); <u>Koester v. Astrue</u>, 482 F. Supp.

4  2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to

5  25% of past benefits and hourly rate of $580.67 to be reasonable and

6  rejecting characterization of award as "windfall").

## DISCUSSION

10  The Court finds that the Motion demonstrates that "the fee sought

11 is reasonable for the services rendered" and is less than the

12 agreed-upon 25% of past-due benefits.[3]  Neither "the character of the

13 representation" nor "the results the representative achieved" suggest

14 the unreasonableness of the fee sought.  Indeed, the character of the

15 representation was clearly excellent in view of counsel's ability to

16 secure a remand Order and Judgment from this Court that ultimately

17 resulted in a substantial award of past-due disability benefits to his

18 client.

20  Further, plaintiff's counsel was not responsible for any

21 significant delay in securing plaintiff's benefits.  Nothing in the

22 record before the Court suggests that there was any overreaching in the

23 making of the fee agreement or any impropriety on the part of counsel

24 in his representation of plaintiff before this Court.  Counsel assumed

25 a significant risk of nonpayment inherent in a contingency agreement,

26 the agreed-upon contingent fee is less than the 25% statutory cap, and

27 the Motion seeks less than the agreed-upon fee.  Although the *de facto*

28

[3]    25% of $100,574.00 is $25,143.50.

1  hourly rate of plaintiff's counsel's services amounts to $1,491.25,[4]

2  counsel seeks only approximately 18% of plaintiff's past-due benefits,

3  rather than the 25% to which counsel is entitled under the Agreement.

4  In effect, the downward adjustment already imposed by counsel results

5  in a decreased fee award of approximately 75% of the total amount he

6  would be entitled to recover pursuant to the terms of the Agreement.

7  It is the Court's view that, despite the relatively high *de facto* hourly

8  rate, no further downward adjustment is warranted as counsel, who has

9  been practicing exclusively in the field of Social Security law since

10 1991, should not receive less compensation for efficiently performing

11 in 12 hours and 10 minutes what it takes the average lawyer to perform

12 in 33 hours.   (Motion at 8, 10; Exhibit 7); *see* <u>Patterson v. Apfel</u>, 99

13 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000)(33.75 hours of attorney

14 time spent on a social security case is average and reasonable).

15 Therefore, under the totality of the circumstances, the Court finds that

16 counsel's requested fee of $18,143.50 is reasonable under the inquiry

17 called for by <u>Gisbrecht</u>.

18

19                                    **CONCLUSION**

20

21     For the reasons set forth above, the Motion is GRANTED.   Section

22 406(b) fees are allowed in the total amount of $18,143.50 to be paid out

23 of the amount withheld by the Commissioner from plaintiff's past-due

24 benefits.   In view of the previous payment of EAJA fees in the amount

25 of $1,942.00 to counsel, the Commissioner shall certify payment to

26 counsel of a net fee of $16,201.50.   The balance of the withheld funds

27

28     [4]   $18,143.50 divided by 12 hours and 10 minutes of attorney time
   equals $1,491.25.

1  shall be paid to plaintiff.

2

3       IT IS SO ORDERED.

4

5  DATED: July 2, 2009          _____
                                        MARGARET A. NAGLE
6                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7